THOMAS E. MONTGOMERY, County Counsel
County of San Diego
By MELISSA M. HOLMES, Senior Deputy (SBN 220961)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-5836
E-mail: melissa.holmes@sdcounty.ca.gov

Attorneys for Defendants William D. Gore and Alfred Joshua, M.D., Director of the San Diego County Sheriff's Department's Medical Services Division

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE, SHERIFF OF SAN DIEGO COUNTY AND JOHN OR JANE DOE, MEDICAL DIRECTOR OF SAN DIEGO COUNTY JAIL FACILITIES,<br><br>    Defendants | No. 15-CV-0654-AJB (PCL)<br><br>DECLARATION OF ALFRED JOSHUA, M.D., IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br>[F.R.C.P. Rule 56]<br><br>Date: September 23, 2016<br>Time: 10:00 a.m.<br>Courtroom of Magistrate Peter C. Lewis<br>Trial Date: None Set |

I, Alfred Joshua, M.D., declare:

1.  I have personal knowledge of the matters set forth herein and could competently testify thereto if called upon.

2.  I am the Chief Medical Officer for the San Diego Sheriff's Department and oversee all of the medical and mental health care provided in the County detention facilities.

3.  I earned my Bachelor of Science at Sophie Davis School of Biomedical Education, MD from Upstate University at Syracuse, and earned an MBA in Hospital Administration from UC Irvine. I am also a board certified Emergency Physician and currently serve as Medical director for a local detoxification facility.

No. 15-CV-0654-AJB (PCL)

1  4. The County maintains electronic medical records for all inmates incarcerated in County detention facilities. The medical staff and contract physicians that treat inmates in the County detention facilities make notations at the time of treatment, or shortly thereafter. The County also maintains copies of medical records when inmates are treated at a medical facility outside of the County. Plaintiff, James Michael Williams, also received treatment outside, at UCSD, while he was incarcerated with the County. Those records are maintained electronically in the normal course of business of the County.

5. I have reviewed Plaintiff's extensive San Diego County jail electronic medical records. While incarcerated with the County, Plaintiff received evaluation and/or treatment for a variety of medical issues including a preexisting injury to his knee, aortic occlusion, hypertension, COPD, the common cold, squamous cell skin cancer and a fracture in his cheek. There are over 70 encounter notes in Plaintiff's jail medical records where he was examined and treated by jail medical staff. Plaintiff was also transported to UCSD where he received treatment that was not available at the jails.

6. While he was incarcerated, Plaintiff was examined and treated for a preexisting injury to his right knee. He was examined by medical staff upon intake at the jail. The jail medical staff obtained copies of Plaintiff's medical records from Scripps Mercy Hospital where he was treated for injuries sustained in a December 4, 2010 motorcycle accident. According to those records, Plaintiff consulted with Dr. William Tontz on December 15, 2010 at Scripps. Dr. Tontz's note indicates he warned Plaintiff there was a timeframe for knee repair and that Plaintiff understood this, that but wanted to let the knee heel on its own. Dr. Tontz recommended that Plaintiff return in three weeks. There are no records of Plaintiff going back to Dr. Tontz before he was incarcerated in March of 2011. Copies of relevant portions of those records are attached to the Notice of Lodgment as Exhibit 2.

7. Plaintiff's knee was examined by medical staff and physicians at the jail. On March 15, 2011, Plaintiff was provided an elastic knee support. On June 9, 2011,

2

1  Plaintiff reported to jail medical staff that he "opted for nonoperative management and
2  was advised by Dr. Tontz that he would be out of the window for repair of his
3  ligamentous injury." Correct copies of Plaintiff's County jail medical records reflecting
4  his statement is attached to the Notice of Lodgment as Exhibit 3.

5     8.  On July 10, 2011, a jail physician prescribed a knee brace for Plaintiff.
6  (Plaintiff's Exhibit A- 11, COSD 75.) An encounter note from July 29, 2011 provides
7  that correctional staff denied the knee brace because it contained metal rods. (Plaintiff's
8  Exhibit A- 12, COSD 79.) At times in a correctional health setting, penological concerns
9  necessitate that recommended treatment for an inmate patient is limited. With regard to
10 the knee brace prescribed for Plaintiff, the need for institutional security overrode the
11 recommendation for the hard brace. The practitioner acknowledged this and noted that
12 Plaintiff already had a soft brace and the physician advised Plaintiff to keep the soft
13 brace.

14     9.  Plaintiff's jail medical records contain numerous notations by jail medical
15 staff that they observed Plaintiff walking steadily and/or without difficulty. The
16 following notations are from Plaintiff's jail medical records: July 29, 2011 ("ambulatory,
17 and gait steady"); September 9, 2011 ("ambulates with steady gait"); September 25, 2011
18 ("ambulates with steady gait"); December 30, 2011 ("Ambulatory with steady gait. In no
19 acute duress . . ."); September 7, 2012 (Plaintiff complains of knee problems but "seen
20 walking to exam room without brace or walker"); and April 6, 2013 ("ambulates with
21 steady gait" - he was able to do so without the hinged knee brace).

22     10. On September 10, 2011 the jail medical personnel noted that Plaintiff
23 refused an offer of crutches or to be housed in the Medical Observation Unit to address
24 his knee pain. A correct copy of Plaintiff's County jail medical records reflecting that
25 encounter is attached to the Notice of Lodgment as Exhibit 4, COSD00086.

26     11. It is my opinion that the hard hinged knee brace was not medically
27 necessary. This opinion is based on the observations by correctional health staff that
28

3

1 | Plaintiff was ambulating steadily without the brace, had an elastic brace, and was receiving pain medication.

12. At various times whiles he was incarcerated in County jails, Plaintiff was examined by medical staff and prescribed pain medication, when it was determined to be medically necessary, including: Ultram (tramadol), Tylenol, aspirin, and analgesic balm ointment.

13. Plaintiff reported that he was assaulted on April 24, 2011 and suffered a zygomaticomaxillary complex fracture that resulted in facial numbness. Plaintiff was referred to a surgeon at UCSD to address his complaints. Dr. Terence M. Davidson recommended that surgical repair but acknowledged the repair was "more for appearance than for its function." Attached to the Notice of Lodgment as Exhibit 7 is a correct copy of Dr. Davidson's report.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on August 29th, 2016 at San Diego, California.

_____ MD
ALFRED JOSHUA, M.D.