THOMAS E. MONTGOMERY, County Counsel
County of San Diego
By MELISSA M. HOLMES, Senior Deputy (SBN 220961)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone:  (619) 531- 5836
E-mail: melissa.holmes@sdcounty.ca.gov

Attorneys for Defendants William D. Gore and Alfred Joshua, M.D., Director of the San Diego County Sheriff's Department's Medical Services Division

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL WILLIAMS,<br><br>       Plaintiff,<br><br>   v.<br><br>WILLIAM D. GORE, SHERIFF OF SAN DIEGO COUNTY AND JOHN OR JANE DOE, MEDICAL DIRECTOR OF SAN DIEGO COUNTY JAIL FACILITIES,<br><br>       Defendants. | No. 15-CV-0654-AJB (PCL)<br><br>REPLY TO PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS<br><br>[DOC. NOS. 74 & 78] |

Defendants, William D. Gore and Alfred Joshua, M.D., hereby submit their reply to Plaintiff's Objection to the Report and Recommendation Granting Defendants' Motion for Summary Judgment.  Plaintiff failed to meet his burden of showing that he exhausted his administrative remedies and Defendants respectfully request that the Court adopt the Report and Recommendation.

//

//

//

No. 15-CV-0654-AJB (PCL)

1  Plaintiff admitted in his verified complaint that he did not exhaust the jail's grievance procedure. *See* ECF No. 1, Complaint at p. 6; *McElyea v. Babbitt*, 833 F.2d 196, 197-98 & n.1 (9th Cir. 1987).[1] Plaintiff claimed there was no viable option to do so because his verbal requests, Scripps records, and the Superior Court's notations in the criminal in the Preliminary Examination Minutes and Felony Predisposition Minutes from his criminal case that suggested he be referred to a medical unit while incarcerated, provided Defendants with "the benefit" of "sufficient notice." *Id.* at pp. 6, 15, & 16. The Complaint does not contend that Plaintiff submitted six separate grievances written grievances in the lock box when alleging he exhausted his administrative remedies. *Id.* at p. 6. A "Plaintiff cannot create a triable issue of fact in order to defeat summary judgment by submitting a contradictory declaration." *Glass v. Scribner*, No. 1:04-cv-05953 AWI DLB PC, 2009 U.S. Dist. LEXIS 73481, at *35 (E.D. Cal. Aug. 19, 2009).

Plaintiff failed to file a declaration in support of his opposition to the motion for summary judgment setting forth facts indicating he submitted written grievances to the lockbox that were ignored. (Doc. No. 74 Report & Recommendation at 7:17 – 8:3.) Nor did he incorporate by reference the declaration he filed in opposition to the original motion for summary judgment. Fed. Rules Civ.Proc., rule 56(c)(1)(A). It is improper to wait until *after* the Court has issued its Report and Recommendation denying his motion for summary judgment to file a declaration setting forth factual details regarding his alleged exhaustion. *Id.* "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Even if the Court were to construe Plaintiff's declaration attached to his opposition to the report and recommendation as a motion for reconsideration under Rule 60, Plaintiff's statements of fact in the declaration do not constitute newly discovered evidence that would warrant reconsideration. Fed. Rules Civ.Proc., rule 60.

---

[1] Even if the allegations in Plaintiff's complaint had *not* been verified under penalty of perjury [Doc. No. 1 at p. 7], statements in a complaint are judicial admissions. *See* Fed. R. Evid. 801(d)(2); *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

1 | Accordingly, Defendants respectfully request that the Court adopt the Report and
2 | Recommendation. In the event the Court determines Plaintiff has created a triable issue
3 | of material fact as to whether he exhausted his administrative remedies, Defendants
4 | respectfully request that the Court hold an evidentiary hearing to resolve any disputed
5 | facts regarding exhaustion before denying the motion for summary judgment or
6 | addressing Plaintiff's claims on the merits. *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir.
7 | 2014).

Respectfully submitted,

DATED: March 24, 2017        THOMAS E. MONTGOMERY, County Counsel

By: s/MELISSA M. HOLMES, Senior Deputy
Attorneys for Defendants William D. Gore and
Alfred Joshua, M.D.

## DECLARATION OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to the case; I am employed in the County of San Diego, California. My business address is 1600 Pacific Highway, Room 355, San Diego, California, 92101.

On March 24, 2017, I served the following documents:

**REPLY TO PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS [DOC. NOS. 74 & 78]**

In the following manner:

☒  **(BY MAIL)** By causing a true copy thereof, enclosed in a sealed envelope, with postage fully prepaid, for each addressee named below and depositing each in the U. S. Mail at San Diego, California.

James M. Williams
#AN9579
480 Alta Rd.
San Diego, CA  92179

Executed on March 24, 2017, at San Diego, California.

By: _____
MELISSA M. HOLMES

(James M. Williams v. William D. Gore, et al;
U.S.D.C. Case No. 15cv0654-AJB (PCL))