UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL WILLIAMS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE, Sheriff, et al.,<br><br>　　　　　　　　　　Defendant. | Case No.: 15-cv-654<br><br>**ORDER:**<br><br>**(1) DECLINING IN PART REPORT AND RECOMMENDATION;**<br><br>**(2) DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS; AND**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS.**<br><br>**[Doc. Nos. 74, 52, and 50, respectively]** |

Presently before the Court is the Report and Recommendation ("R&R"), (Doc. No. 74), of Magistrate Judge Peter C. Lewis recommending this Court grant Defendants' motion for summary judgment, (Doc. No. 52), and deny Plaintiff's motion for summary judgment, (Doc No. 50). Plaintiff James Michael Williams, a state prisoner proceeding *pro se*, has filed a timely Objection. (Doc. No. 78.) After a review of the parties' pleadings and

1

the entire record before it, the Court **DECLINES IN PART** the R&R, **OVERRULES IN PART AND SUSTAINS IN PART** Plaintiff's objections, **DENIES** Defendants' motion for summary judgment, and **DENIES** Plaintiff's motion for summary judgment.

## BACKGROUND[1]

On March 23, 2015, Plaintiff James Michael Williams ("Plaintiff"), a prisoner proceeding *pro se,* filed a complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights from an alleged denial of medical care while incarcerated in the San Diego County jail system. (Doc. No. 1.) The complaint makes claims against San Diego County Sheriff William D. Gore in his capacity as policy maker for the San Diego County jails and the Medical Director of the County jail later identified as Dr. Alfred Joshua, M.D., ("Defendants"). (Doc. Nos. 1, 58.) Specifically, Plaintiff alleges Defendants denied him medical care for two injuries: first, for a knee injury sustained prior to his March 9, 2011 incarceration at the George Bailey Detention Facility ("GBDF"), and second, for a facial injury sustained in an attack by another prisoner on April 3, 2011. (Doc. No. 1 at 3-4.) Plaintiff further alleges that jail personnel ignored two-Court ordered referrals for treatment and surgery for his alleged conditions. (*Id.* at 4.)

On his form complaint, Plaintiff checked a box indicating that he exhausted all forms of administrative relief for the alleged denial of medical care before filing suit, but admits that he was not able to fully exhaust the inmate administrative grievance procedure because "there exist no viable exhaustion with the Medical Department when every verbal request for my leg surgery was ignored with a reply 'you' must wait to be evaluated by our doctor." (*Id.* at 6.) Plaintiff additionally claims that his "written request/complaints were not responded to." (*Id.*) Plaintiff contends that "all attempts to secure a reply, written reason,

---

[1] Magistrate Judge Lewis' R&R provides a thorough and detailed summary of the relevant factual background in this case, and the majority of this section has been taken directly from the R&R.

were a frivolous act, and there exist in this specific instance no viable exhaustion available." (*Id.*)

On May 21, 2015, Defendants filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies prior to filing suit. (Doc. No. 9.) The Court denied Defendants' motion on procedural grounds so as to allow the parties to "flesh out the details of the exhaustion issue." (Doc. Nos. 18, 19.) On August 1, 2016, Plaintiff filed a motion for summary judgment on the basis that Defendants' failure to provide Plaintiff with the necessary surgeries to treat his facial and knee/leg injuries constituted deliberate indifference. (Doc. No. 50.) On August 29, 2016, Defendants filed a second motion for summary judgment again in part on the failure to exhaust issue. (Doc. No. 52.) On October 20, 2016, Plaintiff opposed Defendants' motion. (Doc. No. 64.)

**A.   Defendants' Motion for Summary Judgment**

Defendants describe the administrative remedy available at the jail and allege Plaintiff's failure to exhaust such remedy. Defendants proffer the declaration of Lieutenant Derick Jones, who describes the San Diego County jails' administrative grievance procedure, by which all prisoner grievances are addressed. (Doc. 52-6 ¶¶ 1-7.) Grievance forms are readily available for all prisoners to complete and submit, with three levels of subsequent review wherein jail facility personnel can resolve the grievance. (*Id.* at 2-3.) Each level of review provides the prisoner with a written response and a resolution, or reasons for its denial. (*Id.*) Written grievances may be submitted in one of two ways: (1) by placing them in a locked grievance box located outside the housing module, in which case the second page of the form would be signed and returned to the inmate "within a couple of days;" or (2) by handing them to a deputy or staff member, who, in his or her discretion, will sign and return the second page of the grievance form. (*Id.*) Inmates are instructed to keep a copy of this receipt for their records. (*Id.*) The rules state that a written grievance will be answered within 10 days, and each time a grievance is appealed to a higher level of command, it will invoke another 10-day response period. (*Id.*) The rules further state that there are three levels of review for grievances, and the inmate can submit

the grievance for review to the third and final level of grievance review, which is conducted by the Facility Commander. (*Id.*)

Defendants provide evidence that Plaintiff was aware of the Sheriff's administrative grievance procedure because he had previously used it to address concerns about library access, mail issues, and how the jail responded to his previous grievances. (*Id.* at 3-4.) Lt. Jones ultimately attests that Plaintiff never submitted a grievance regarding the alleged failure to provide medical care for either his leg/knee or face, and never pursued exhaustion at any level of review in the jail process. (*Id.* ¶¶ 17-18.)

### B.     Plaintiff's Opposition

In response, Plaintiff confirms he is "very familiar" with the administrative grievance process. (Doc. 64 at 21.) Plaintiff states in this instance, he submitted six grievances regarding the jail's failure to provide medical care—three regarding his leg/knee injury and three regarding his facial injuries. (*Id.*) Plaintiff states that he could not secure a deputy or guard to sign off on any of his six grievances. (*Id.* at 27.) Rather, Plaintiff submitted all of his grievances in the locked grievance box. (*Id.* at 30.) However, Plaintiff contends Defendants never responded, nor returned any copies of the submitted grievances to Plaintiff. (*Id.* at 21, 31.)

Plaintiff proffers declarations from two inmates, Leonardo V. Pena and Patrick Stanley Pawlicki, to demonstrate that administrative remedies were effectively unavailable to Plaintiff. (*Id.* at 58-61.) First, inmate Pena attests that he "heard deputies/guards tell inmates to put their grievances in the designated grievance box," but refused to sign-off on such grievances personally, and that "some guards would sign-off, where others would not." (*Id.* at 59.) He further attests that in the majority of cases, guards told inmates to put their grievances, especially the serious ones like staff abuse, in the box rather than sign off on them. (*Id.*) Second, inmate Pawlicki similarly attests that "on many occasions I witnessed the jailers tell inmates to put their grievances in the grievance box" and "not signing off on the grievance so that the inmate would have a copy of it." (*Id.* at 61.) He

further declared that inmates would "complain when jailers would not sign-off, because they wanted proof of their grievances being filed/sent." (*Id.*)

### C. Plaintiff's Objection to the R&R

Attached to Plaintiff's timely-filed Objection is his signed declaration. (Doc. No. 78 at 14-23.) Plaintiff attests, in detail, to the dates and circumstances regarding each time he submitted a grievance seeking medical care for his leg/knee and facial injuries. (*Id.*) Plaintiff further attests to never receiving a response from the jail regarding those grievances. (*Id.* at 19.)

## LEGAL STANDARDS

### I. Review of the Report and Recommendation

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) provide a district judge's duties regarding a magistrate judge's report and recommendation. The district judge should "make a *de novo* determination of those portions of the report to which the objection is made," and "may accept, reject, or modify in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

### II. The Prison Litigation Reform Act ("PLRA")

Section 1997e(a) of the PLRA requires prisoners to exhaust all available administrative remedies before filing a § 1983 action in federal court. *See* 42 U.S.C. § 1997e(a). Congress enacted the PLRA in part to "allow prison officials a chance to resolve disputes regarding the exercise of their responsibilities before being haled into court; to reduce the number of prison suits; and to improve the quality of suits that are filed by producing a useful administrative record." *Garcia v. Miller*, No. 14cv2266-LAB (BGS), 2015 WL 5794552, at *4 (S.D. Cal. Oct. 2, 2015). With the passage of the PLRA, the exhaustion requirement was strengthened—it is "no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Ross v. Blake*, 136 S.Ct. 1850, 1857 ("[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion."). "The obligation to

exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (quoting *Booth v. Churner*, 532 U.S. 731, 739-41 (2001)). "Failure to exhaust is fatal to a prisoner's claim." *Bush v. Baca*, No. CV 08-1217-SJO (PJW), 2010 WL 4718512, at *3 (C.D. Cal. Sept. 3, 2010).

However, "[a] federal court may nonetheless excuse a prisoner's failure to exhaust if the prisoner takes 'reasonable and appropriate steps' to exhaust administrative remedies but prison officials render administrative relief 'effectively unavailable.' *Ellis v. Navarro*, No. C 07-05126 SBA (PR), 2011 WL 845902, at *1 (N.D. Cal. March 8, 2011). The mandatory exhaustion requirement under the PLRA is excused in three circumstances: (1) when an administrative procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use"; and (3) when "a grievance process is rendered unavailable when prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or intimidation." *Ross*, 136 S.Ct. at 1853-54. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 92. "The relevant rules governing exhaustion are not defined by the PLRA, 'but by the prison grievance process itself.'" *Ayala v. Fermon*, No. 14-cv-1794 GPC (JLB), 2017 WL 836193, at *5 (S.D. Cal. March 2, 2017) (quoting *Jones v. Block*, 549 U.S. 199, 219 (2007)). "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc).

### III. Motion for Summary Judgment for Failure to Exhaust

A Court should grant summary judgment where the movant demonstrates "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely

disputed must support the assertion by: [] citing to particular part of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations . . ." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

In a summary judgment motion for failure to exhaust, the Ninth Circuit instructs that it is defendant's burden to use this evidence to "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino*, 747 F.3d at 1172. "Once the defendant has carried that burden, the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* ("[F]actual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue.").

"The Court must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment." *Fialho v. Herrera*, No. 16cv1170-MMA (DHB), 2017 WL 840880, at *3 (S.D. Cal. March 3, 2017). The Court determines only whether there is a genuine issue for trial, and in doing so, it must liberally construe Plaintiff's filings because he is a *pro se* prisoner. *Id.*

## IV. Evidentiary Hearing

"If 'summary judgment is not appropriate,' as to the issue of exhaustion, 'the district judge may decide disputed questions of fact in a preliminary proceeding.'" *Hamilton v. Hart*, No. 1:10-cv-00272-LJO-EPG-PC, 2016 WL 1090109, at *4 (E.D. Cal. March 21,

2016) (citing *Albino*, 747 F.3d at 1168)). "[W]hile parties may be expected to simply reiterate their positions as stated in their briefs, 'one of the purposes of an evidentiary hearing is to enable [ ] the finder of fact to see the witness's physical reactions to the questions, to assess the witness's demeanor, and to hear the tone of the witness's voice.'" *Hamilton*, 2016 WL 1090109, at *4 (quoting *U.S. v. Mejia*, 69 F.3d 309, 315 (9th Cir. 1995)). "All of this assists the finder of fact in evaluating the witness' credibility." *Hamilton*, 2016 WL 1090109, at *4. "It is only in rare instances that credibility may be determined without an evidentiary hearing." *Id.* (internal citations and quotations omitted).

## DISCUSSION

Plaintiff objects to the R&R on four grounds: (1) The Magistrate Judge improperly relied upon the declaration of jail deputy, Lt. Derick Jones, ("Jones' Declaration"), in finding that Defendants met their burden of raising and proving the absence of exhaustion in Plaintiff's case; (2) the Magistrate Judge improperly discounted the two declarations from inmates Leonardo V. Pena and Patrick Stanley Pawlicki ("Pena and Pawlicki Declarations") as inadmissible hearsay evidence in finding that Plaintiff failed to demonstrate there were no administrative remedies available to him; (3) the Magistrate Judge erroneously granted summary judgment in favor of Defendants; and (4) the Magistrate Judge erroneously denied summary judgment in favor of Plaintiff. The Court will address each of Plaintiff's objections in turn.[2]

---

[2] The Court **OVERRULES** Plaintiff's last objection that the Magistrate Judge erroneously denied Plaintiff's motion for summary judgment. In his motion, Plaintiff incorrectly argues the wrong legal standard—that his motion should be granted due to "the *existence* of genuine issues of material facts that entitle the plaintiff to a Judgment as a matter of law." (Doc. No. 50 at 12.) Similarly, in his Objection, the Plaintiff requests the Court to grant summary judgment in his favor, while simultaneously requesting the Court to "permit this case to respectfully proceed to trial." (Doc. No. 78 at 12-13.) The R&R does not analyze at length its recommendation to deny Plaintiff's motion; however, based on the following analysis, the Court agrees with the Magistrate Judge that Plaintiff's motion for summary judgment be **DENIED** on exhaustion grounds.

1. **The Magistrate Judge Properly Relied Upon the Declaration of Lt. Derick Jones in Determining that Defendants Satisfied Their Initial Burden of Raising the Absence of Plaintiff's Exhaustion**

Plaintiff's first objection to the R&R involves the Magistrate Judge's conclusion that Defendants met their burden, through the submission of Lt. Derick Jones' declaration, that an available administrative remedy existed and Plaintiff failed to exhaust that remedy. The Magistrate Judge determined that the Jones' Declaration proffered evidence that "Plaintiff was aware of the jail's grievance procedure, had used it for other grievances and received responses from the jail, and failed to use any stage of the grievance process regarding the two Eighth Amendment claims in Plaintiff's instant complaint." (Doc. No. 74 at 6.) Plaintiff argues that the Jones' Declaration is "more than questionable" and does "not present[] conclusive proof that Plaintiff did-not-file his grievances alleged, based solely on a review of an inconclusive, or complete record subject to Derick Jones review." (Doc. No. 78 at 6-7.) Specifically, Plaintiff argues that it is "unknown" whether Lt. Jones worked at GBDF at the relevant time period and whether he is familiar with the jail's administrative procedure and the "internal abuses" associated with that procedure. (*Id.* at 2.) For the reasons set forth below, the Court overrules Plaintiff's objection in part.

"In a typical PLRA case, a defendant will have to present probative evidence . . . to 'plead and prove' [ ] that the prisoner has failed to exhaust available administrative remedies under § 1997e(a)." *Albino*, 747 F.3d at 1169 (citing *Jones v. Block*, 549 U.S. at 204)). This burden is achieved by producing testimony from jail deputies that describe the jail's grievance procedure and provide an overview of the jail's record-keeping system. *See e.g. Morton v. Hall*, 599 F.3d 942, 944 (9th Cir. 2010) (affirming district court's finding that defendants satisfied their initial burden by submitting testimony of jail coordinators who declared that they reviewed records and "found no evidence that Morton had ever filed a grievance pertaining to his assault."). Lt. Jones' statements appear to be based upon his personal knowledge regarding the regular practice of the jail's inmate grievance procedure and Plaintiff's grievance records. (Doc. No. 52-6.) According to Lt. Jones' account of the inmate administrative grievance procedure and his review of Plaintiff's records,

Defendants have at least met their burden of showing that administrative remedies were available to Plaintiff. *See Smith v. Cobb*, No. 3:15-cv-00176-GPC-WVG, 2016 WL 4523847, at *5 (S.D. Cal. Aug. 29, 2016) ("[T]hese declarations 'at most meet[] their burden of demonstrating a system of available administrative remedies at the initial step of the *Albino* burden-shifting inquiry.'") (citing *Williams v. Paramo,* 775 F.3d 1182, 1191 (9th Cir. 2015)). Whether the Jones' Declaration is enough for Defendants to carry their ***ultimate*** burden of proof in light of Plaintiff's factual allegations is a separate inquiry and is addressed below. *See Williams*, 775 F.3d at 1192.

Thus, the Court **OVERRULES** Plaintiff's objection to the extent it challenges the Court's consideration of the Jones' Declaration for purposes of determining whether Defendants demonstrated the existence of an available administrative remedy.

**2. The Magistrate Judge Properly Discounted the Pena and Pawlicki Declarations in Determining that Plaintiff Failed to Demonstrate The "Unavailability" of Administrative Remedies**

Plaintiff also objects to the R&R on the basis that the Magistrate Judge improperly concluded that the Pena and Pawlicki Declarations were based upon hearsay. Plaintiff argues that these declarations "constitute more than mere hearsay evidence, and should therefore be accepted by the Court as evidence." (Doc. No. 78 at 6.) Specifically, Plaintiff contends that Mr. Pena and Mr. Pawlicki "attest to witnessing a behavior by the Guards that give rise to a pattern, behavior reflecting non-acceptance of grievances and providing inmates with receipts of the grievance, through the receipt of a copy." (*Id.* at 5.) For the reasons set forth below, the Court finds the Magistrate Judge did not err in disregarding the Pena and Pawlicki Declarations as inadmissible hearsay.

References to unsworn statements are insufficient to generate a genuine dispute of fact and cannot properly be considered in opposition to a summary judgment motion. *Jones v. Williams*, 791 F.3d 1023, 1032 (9th Cir. 2015). Pursuant to Federal Rule of Civil Procedure 56(c)(4), "affidavits 'shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.'" *Block v. City of Los Angeles*, 253 F.3d

10

410, 419 (9th Cir. 2001) (holding it was an abuse of discretion for the district court, at summary judgment, to consider information from an affidavit based on inadmissible hearsay rather than the affiant's personal knowledge).

In his opposition to Defendants' motion for summary judgment, Plaintiff proffers the Pena and Pawlicki Declarations to satisfy his burden of production. The Magistrate Judge highlights the inadmissible hearsay within those Declarations as follows:

> Inmate Pena merely '*heard* deputies/guards tell inmates to put their grievances in the designated grievance box' but refused to sign-off on such grievances personally and merely heard that many inmates would complain over 'non-responses to their issue.' (Doc. No. 64 at 59.) Inmate Pawlicki likewise merely *heard* 'jailers tell inmates to put their grievances in the grievance box" and *heard* inmates 'complain when the jailers would not sign-off, because they wanted proof of their grievance being filed/sent.' (Doc. No. 64 at 61.) (Emphasis added.)

Because the referenced statements made by the deputies/guards, jailers, and inmates within the Pena and Pawlicki Declarations are unsworn, and the source of those unsworn statements are unknown and unclear, they are inadmissible hearsay and cannot be used to demonstrate a triable issue of material fact. *See Jones v. Williams*, 791 F.3d at 1032. Thus, the Magistrate Judge correctly disregarded the Pena and Pawlicki Declarations as inadmissible hearsay in concluding that Plaintiff failed to meet his burden. For these reasons, the Court **OVERRULES** Plaintiff's objection.

### 3. The Magistrate Judge Improperly Granted the Defendants' Motion for Summary Judgment on the Basis of Failure to Exhaust Because Disputed Material Facts Exist

Lastly, Plaintiff objects to the Magistrate Judge's recommendation that summary judgment be granted in favor of Defendants. Plaintiff argues that summary judgment is improper because "there exist disputed factual questions relevant to the exhaustion of administrative remedies, where these issues are of material fact that cannot be overcome by the inconclusive sole submission of the Declaration of Derick Jones." (Doc. No. 78 at 7.) For the reasons set forth below, the Court agrees that disputed material facts exist and

finds the Magistrate Judge incorrectly recommended that the Court grant Defendants' motion for summary judgment.

In support of his Objection to the R&R, Plaintiff attaches his signed declaration in an effort to demonstrate the "unavailability" of the jail's administrative remedies. (*Id.* at 14-23.) Plaintiff outlines each instance he filed a grievance regarding his need for medical care:

> **April 28, 2011**: Plaintiff filed the first leg/knee injury grievance in the locked grievance box because the assigned deputy would not sign-off on the grievance at that instance.
>
> **May 23, 2011**: Plaintiff filed the second leg/knee injury grievance when no response to the first grievance was received.
>
> **June 7, 2011**: Plaintiff filed the first facial injury grievance.
>
> **June 28, 2011**: Plaintiff filed the second facial injury grievance when no response to the first grievance was received.
>
> **July 14 or 15, 2011**: Plaintiff filed two grievances in the locked grievance box, one for each injury.

(*Id.* at 16-18.) Plaintiff attests that the jail never responded to, nor acknowledged any of his six submitted grievances. (*Id.* at 19.) Plaintiff claims that because of the jail's non-response, he has "no copy retained to verify the grievance was submitted through the Grievance-Box." (*Id.*) In addition to the filed grievances, Plaintiff explains that he frequently followed up with medical personnel, both verbally and in writing, about the status of his written grievances and never received definitive answers. (*Id.* at 16-19.) The overarching theme of Plaintiff's sworn testimony purports to demonstrate an "unavailability" of administrative relief where "there has been an on-going consistent failure to provide adequate and appropriate" responses to Plaintiff's filed grievances, thus, "foreclosing the ability to exhaust." (*Id.* at 21-22.)

In finding that Plaintiff failed to meet his burden, the Magistrate Judge focused on the lack of Plaintiff's "signed declaration" and "tangible evidence." (Doc. No. 74 at 7.)

Specifically, the Magistrate Judge held "Plaintiff provides no information as to when he attempted to give any deputies completed copies of the grievance forms or when he placed them in the grievance box. Plaintiff fails to provide copies of any of his grievances that were placed in the locked box. Plaintiff fails to show how he made a good faith effort to get a response from the jail on any of his grievances." (*Id.*) The Magistrate Judge concluded the court "would be remiss to take Plaintiff's word in his opposition papers that jail officials ignored Plaintiff's submitted grievances when Plaintiff provides no tangible evidence admissible to a court that these grievance forms were actually filled out in the first place." (*Id.* at 7-8.)

When "material facts relevant to the issue of exhaustion are disputed, then 'summary judgment should be denied' and disputed factual questions relevant to exhaustion should be decided by the Court 'in a preliminary proceeding.'" *Willard v. Sebok*, No. CV 13-2251-MMM (RNB), 2015 WL 391673, at *3 (C.D. Cal. Jan. 28, 2015) (citing *Albino*, 747 F.3d at 1170-71). *See also Jones v. Cal. Dep't of Corr.,* 2014 WL 3908184, at *1 (9th Cir. Aug. 12, 2014) ("district courts should hear oral testimony where […] factual questions [are] not readily ascertainable from the declarations of witnesses or questions of credibility predominate . . .") (now citable for its persuasive value pursuant to Ninth Circuit Rule 36–3); *Coleman v. Brown*, 938 F. Supp. 2d 955, 961-62 (E.D. Cal. 2013) (resolving credibility determinations are normally accomplished through an evidentiary hearing). Here, Plaintiff's declaration raises disputed material facts relevant to the issue of exhaustion and thus, prompts the Court to deny summary judgment. (*See* Doc. No. 78.) Since Plaintiff's declaration purports to arise from his own personal knowledge and experience in navigating the jail's administrative relief procedure, a genuine issue exists as to whether something rendered Plaintiff's ability to exhaust effectively "unavailable." *See Willard*, 2015 WL 391673 at *8. After setting forth evidence through his sworn declaration, (Doc. No. 78 at 14-23), the Court agrees with Plaintiff that "[t]here exist disputed factual questions relevant to the exhaustion of administrative remedies" where Plaintiff has raised evidence suggesting that the jail may have foreclosed his ability to exhaust. (*See* Doc. No.

78 at 7-8.) *See Sapp v. Kimbrell,* 623 F.3d 813, 823 (9th Cir. 2010) (citing *Dole v. Chandler,* 438 F.3d 804, 811 (7th Cir. 2006) ("[P]rison officials' failure to respond to a properly filed grievance makes remedies 'unavailable' and therefore excuses failure to exhaust.").

Lt. Jones vouches that after a review of Plaintiff's jail records, Defendants determined that "Plaintiff did not file any written grievances regarding the alleged denial of medical care." (Doc. No. 52-6 ¶ 17.) However, while this testimony is persuasive to Defendants' position, it is not dispositive to the exhaustion issue in light of Plaintiff's sworn account to the contrary. *See e.g. Bush*, 2010 WL 4718512, at *3 n. 7 ("The fact that the jail has no record of ever having received the complaint is of no moment. Assuming that it was lost by jail staff, this fact is inconsequential to the Court's determination that Plaintiff exhausted his administrative remedies . . . Assuming instead that Plaintiff never filed one and his declaration that he did is untrue, as Defendants' seem to imply in their briefs, this is a factual issue that can only be resolved by a jury."); *Ellis*, 2011 WL 845902, at *4 (holding the fact that defendants had no record of plaintiff's grievance, "at most, corroborates their claim of non-receipt. It does *not*, however, prove that Plaintiff failed to timely and properly seek to submit" his grievance . . . "Nor does it prove the falsity of Plaintiff's statements in his declaration."); *Dole*, 438 F.3d at 811 ("Because Dole properly followed procedure and prison officials were responsible for handling his grievance, it cannot be said that Dole failed to exhaust his remedies."). At this stage, it remains to be seen whether Plaintiff "has done everything humanly possible" to comply with the jail's grievance procedure. (Doc. No. 78 at 20.)

The Court finds it unpersuasive that Plaintiff has not provided copies of any of the grievances he submitted in the locked grievance boxes because the return of such copies is seemingly at the discretion of the deputies/guards—they only provide prisoners with a copy *at some point in time after* acknowledging receipt of the grievance. (Doc. No. 52-6 at 2.) Since this response structure undoubtedly places the prisoner's word against that of the jail guard's, a disputed issue of credibility arises. *See e.g. Dole*, 438 F.3d at 813 ("We believe

that the potential for fraud does not justify obligating truthful prisoners to prove that they mailed their complaints when the prison authorities do not provide them with means for verification."); *Houston v. Lack*, 487 U.S. 266, 270-72 (1988) ("And if there is a delay like the prisoner suspects is attributable to the prison authorities, he is unlikely to have any means of proving it . . .").

Nor does the Court find it persuasive that Plaintiff did not elaborate on his efforts to exhaust the administrative grievance procedure in his Complaint. *See Jones v. Block,* 549 U.S. at 216 ("[Failure to exhaust is an affirmative defense under the PLRA, and … inmates are not required to specially plead or demonstrate exhaustion in their complaints."). In fact, it was on this basis that the Court denied summary judgment in favor of Defendants in the first instance, so as to allow for discovery on the exhaustion issue at the pre-answer stage. (*See* Doc. No. 19.) *See Albino*, 747 F.3d at 1169, citing *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) ("[O]nly in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse."). Notably, it appears that since that time, Defendants proffered no ***new*** evidence in their summary judgment motion as to the exhaustion issue other than the previously submitted Jones' Declaration, which attests to the void of the six grievances in Plaintiff's prison records. This time around, the record is equipped with two competing sworn testimonies: Defendants' account that Plaintiff failed to exhaust and Plaintiff's account that he exhausted administrative remedies up until the point there was no "available" procedure left. Thus, the existence of disputed material facts here raises issues of credibility and renders summary judgment improper. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). *See e.g. Willard*, 2015 WL 391673 at *8 (holding questions that go toward the evaluation of plaintiff's credibility are not properly considered at the summary judgment stage); *Albino*, 747 F.3d at 1166 ("[F]actual questions relevant to exhaustion should be decided by the judge, in the same

manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue.").

Thus, the Court **SUSTAINS** Plaintiff's objection that Magistrate Judge incorrectly granted Defendants' motion for summary judgment due to the existence of disputed material facts on the issue of exhaustion.

## CONCLUSION

Based on the foregoing, the Court **DECLINES IN PART** the R&R, **OVERRULES IN PART AND SUSTAINS IN PART** Plaintiff's objections, **DENIES** Defendants' motion for summary judgment on exhaustion grounds, and **DENIES** Plaintiff's motion for summary judgment on exhaustion grounds. The Court orders an evidentiary hearing on the issue of exhaustion to be heard on ***June 15, 2017 at 10:00 a.m.*** Defendants are ordered to arrange for transportation of Plaintiff to the United States District Court for this hearing.

In addition, and in preparation for the hearing, any Plaintiff's motion to compel the attendance of incarcerated witnesses or correctional officers for such evidentiary hearing must be filed by ***April 24, 2017***. Oppositions to these motions will be filed no later than ***May 8, 2017***, and no written reply will be required. Plaintiff may reply orally at the motion hearing set for ***May 31, 2017 at 2:00 p.m.*** Defendants are ordered to make arrangements for Plaintiff to appear telephonically at the motion hearing.

With regard to such motions, the Court sets forth the following procedures:

A. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily:</u>

An incarcerated witness who agrees voluntarily to attend the evidentiary hearing to give testimony cannot come to court unless this Court orders the warden or other custodian to permit the witness to be transported to court. This Court will not issue such an order unless it is satisfied that the prospective witness is willing to attend ***and*** the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the evidentiary hearing must serve and file a written motion

for a court order requiring that such witnesses be brought to court at the time of the evidentiary hearing. The motion must: (A) state the name, address, and prison identification number of each such witness; and (B) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in plaintiff's cell and, at the time, plaintiff saw that a cell mate was present and observed the incident, plaintiff may swear to the cell mate's ability to testify), the party himself can swear by the declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court.

    B. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>:

If a party seeks to obtain the attendance of any incarcerated witnesses who refuse to testify voluntarily, the party should submit a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

    C. <u>Procedures Regarding Any Written Request by Plaintiff for the Attendance of Certain Correctional Officers as Witnesses in The Case, The Parties Must Proceed as Follows</u>:

Plaintiff's motion must (1) state the name of each such witness; and (2) be accompanied by declaration of plaintiff describing what actual knowledge of relevant facts each such witness has to the triable issues in the case. The motion should be entitled "Motion to Compel Attendance of Correctional Officers at Evidentiary Hearing." This motion may be combined with a motion to obtain attendance of incarcerated witnesses who agree to testify voluntarily.

**IT IS SO ORDERED.**

Dated:  March 24, 2017

                                           Hon. Anthony J. Battaglia
                                           United States District Judge