UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL WILLIAMS,<br><br>                                      Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE, Sheriff of San Diego County; M.D. ALFRED JOSHUA,<br><br>                                     Defendants. | Case No.: 15-CV-0654-AJB-PCL<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT AND RECOMMENDATION IN FULL, (Doc. No. 74);**<br><br>**(2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, (Doc. No. 52); AND**<br><br>**(3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY** |

On August 29, 2016, Defendants filed a motion for summary judgment based in part on Plaintiff's failure to exhaust administrative remedies. (Doc. No. 52.) An evidentiary hearing was held on June 15, 2017, on this issue. For the reasons set forth below, the Court **ADOPTS** the Report & Recommendation ("R&R") in full, **GRANTS** Defendants' motion for summary judgment, and **DECLINES** to issue a certificate of appealability.

1

## BACKGROUND

This case's factual background has been exhaustively summarized in the R&R and order adopting in part the R&R. (Doc. Nos. 74, 80.) The Court assumes familiarity with those orders and will accordingly recite here only those facts necessary to understand the case's current procedural posture.

Plaintiff instituted this 42 U.S.C. § 1983 claim, alleging violations of his Eighth Amendment rights due to an alleged denial of medical care while incarcerated at George Bailey Detention Facility. On January 20, 2017, Magistrate Judge Lewis issued an R&R, recommending that this Court grant Defendants' motion for summary judgment and deny Plaintiff's cross motion, finding that Plaintiff offered no admissible evidence to establish exhaustion of administrative remedies. (Doc. No. 74.)

On March 13, 2017, Plaintiff timely filed an objection to the R&R, asserting, in relevant part, that he had submitted six written grievances on five separate occasions by placing them in the locked grievance box. (Doc. No. 78.) He supported his objection with his own declaration, detailing the circumstances surrounding each submission. (*Id.* at 14–22.) This Court declined to adopt the R&R in part on March 24, 2017, finding that disputed material facts existed as to whether Plaintiff exhausted administrative remedies. (Doc. No. 80 at 11–16.) The Court ordered an evidentiary hearing on this issue. (*Id.* at 16.)

In preparation for that hearing, the Court permitted Plaintiff to file motions to compel the attendance of witnesses at the evidentiary hearing. (*Id.* at 16–18.) Plaintiff submitted three such motions to compel the attendance of four incarcerated witnesses and one correctional officer. (Doc. Nos. 84, 86, 91.) A status conference was held on Plaintiff's motions on June 2, 2017, at which time the Court granted Plaintiff's request as to the correctional officer and denied Plaintiff's request as to one incarcerated witness. (Doc. No. 92.) Following additional briefing on the three other incarcerated witnesses, the Court denied Plaintiff's request as to those witnesses for the reasons stated on the record at the evidentiary hearing on June 15, 2017. (Doc. Nos. 93–95.) Following that hearing, the Court took the matter under submission, and this order follows.

**LEGAL STANDARD**

The Ninth Circuit set forth the procedure district courts must follow when determining whether a § 1983 plaintiff has exhausted administrative remedies in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). The district court should decide exhaustion, if possible, before reaching the case's merits. *Id.* at 1170. The district court may permit limited discovery, and the parties may move for summary judgment, on the issue of exhaustion. *Id.* In assessing whether summary judgment is appropriate, the district court must employ the usual rules governing this inquiry. *Id.* at 1173. Specifically, the "district court cannot resolve disputed questions of material fact; rather, that court must view all of the facts in the record in the light most favorable to the non-moving party and rule, as a matter of law, based on those facts." *Id.*

If the district court denies summary judgment, at that point, the district court should decide "disputed factual questions . . . in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." *Id.* 1170–71. In making its assessment, the district court may undertake a "preliminary proceeding," such as an evidentiary hearing. *Id.* at 1168. One of the purposes of an evidentiary hearing is to "enable[] the finder of fact to see the witness's physical reactions to questions, to assess the witness's demeanor, and to hear the tone of the witness's voice . . . .'" *United States v. Mejia*, 69 F.3d 309, 315 (9th Cir. 1995). Indeed, it is only in "rare instances [that] credibility may be determined without an evidentiary hearing . . . ." *Earp v. Ornoski*, 431 F.3d 1158, 1169–70 (9th Cir. 2005); *accord Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987) (stating "[t]he district court has the discretion to take evidence at a preliminary hearing in order to resolve any questions of credibility or fact" when determining whether personal jurisdiction exists).

**DISCUSSION**

*I.  Credibility Determination and Exhaustion*

At the four-hour evidentiary hearing, a total of five witnesses, including Plaintiff, testified. Having considered the evidence proffered by both sides, the Court finds that the

3

weight of the evidence supports concluding that the six written grievances Plaintiff purports to have submitted via the grievance box were not filed. Plaintiff's protestations to the contrary, the testimony of Defendants' witnesses render Plaintiff's theory highly improbable. Lieutenant Jones undertook a detailed inquiry into whether Plaintiff submitted grievances, which revealed zero evidence that Plaintiff filed medical grievances on or around the days alleged. The medical personnel attested to the integrity of the medical grievance system, which involves numerous checks and balances to ensure that submitted grievances are logged and responded to, including the fact that the responsibility of collecting and logging grievances is assigned to different medical staff on different days. In light of Defendants' evidence, the Court does not find Plaintiff's testimony that he submitted the grievances to be credible.

Following a de novo review of the evidence proffered, the Court concludes it is simply improbable that all six of Plaintiff's grievances, purportedly placed in the grievance box on five separate occasions, were never received or were somehow and for some reason all destroyed by the different employees who retrieved them from the box. Accordingly, the Court **ADOPTS** the R&R in full and **GRANTS** Defendants' motion for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies.

Defendants request that the Court sanction Plaintiff for what they characterize as an abusive waste of the judicial process. Despite Plaintiff's lack of candor and production of evidence that could not meet the basic standard of trustworthiness for admission, the Court exercises its discretion and denies Defendants' request.

## II. *Certificate of Appealability*

When a district court enters a final order adverse to the applicant in a habeas corpus proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (quoting 28 U.S.C. § 2253(c)(2)). Under this standard, the petitioner must demonstrate that

reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Here, the Court finds that reasonable jurists could not debate the Court's conclusion to grant summary judgment in Defendants' favor and therefore **DECLINES** to issue a certificate of appealability.

The Clerk of Court is ordered to enter judgment consistent with the order and close the file.

**IT IS SO ORDERED.**

Dated: June 16, 2017

Hon. Anthony J. Battaglia
United States District Judge