UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE, Sheriff of San Diego County; M.D. ALFRED JOSHUA,<br><br>Defendants. | Case No.: 15-CV-0654-AJB-PCL<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RE-TAX AND VACATE CLERK'S ORDER OF AWARD OF COSTS**<br><br>(Doc. No. 108) |

Presently before the Court is James Michael Williams's motion to re-tax costs. (Doc. No. 108.) Having reviewed the parties' arguments and controlling legal authority, and under Local Civil Rule 7.1.d.1, the Court finds the matter suitable for decision on the papers without oral argument, and vacates the December 14, 2017 hearing. For the reasons set forth below, the Court **DENIES** Plaintiff's motion to re-tax costs.

## **BACKGROUND**

The factual background of this case has been exhaustively summarized in the report and recommendation and the order adopting in part the report and recommendation. (Doc. Nos. 74, 80.) The Court assumes familiarity with those facts and will accordingly only recite facts necessary to understand the case's current procedural posture.

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis*. Plaintiff instituted a 42 U.S.C. § 1983 action against Defendants, alleging violations of Plaintiff's Eighth Amendment rights. (Doc. No. 1 at 1.) Plaintiff's claim was based on the alleged denial of medical care to Plaintiff while he was incarcerated at George Bailey Detention Facility. (*See id.* at 3–4.) Defendants eventually filed a motion for summary judgment, based in part, on Plaintiff's failure to exhaust his administrative remedies. (Doc. No. 52.) An evidentiary hearing was held on this particular issue. The Court ultimately granted Defendants' motion for summary judgment, finding that Plaintiff offered neither credible nor admissible evidence to establish exhaustion of administrative remedies. (Doc. No. 100.) A few days later, Defendants submitted a bill of costs for $3,149.53. (Doc. No. 102.) On July 11, 2017, the Court Clerk issued an order taxing costs in the slightly reduced amount of $3,119.58 for the summons, subpoenas, transcripts, and printing. (Doc. No. 104.)

On August 7, 2017, Plaintiff served a motion to re-tax costs. (Doc. No. 108.) In his motion, Plaintiff first argues that his indigence should preclude the Court from imposing costs and second, that taxation of costs in prisoner civil rights cases would create an impermissible chilling effect on future civil rights suits. (*Id.* at 2–3.) Defendants opposed the motion, emphasizing the motion's tardiness. (Doc. No. 110 at 1–2.)

## **LEGAL STANDARD**

Under Rule 54(d) of the Federal Rules of Civil Procedure, this Court has broad discretion to vacate or amend a Clerk's decision to tax costs. *See Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006). In exercising this discretion, the Court is mindful that a losing party bears the burden of establishing a reason to avoid taxation of costs. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003).

In the civil rights context, "[a] district court must 'specify reasons' for its refusal to award costs." *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). In reviewing a motion to deny costs, the Ninth Circuit has noted the following reasons for refusing to award costs to a prevailing party: (1) the losing party's limited

financial resources; (2) misconduct on the part of the prevailing party; (3) whether the issues in the case were close and difficult; (4) whether the prevailing party's recovery was nominal or partial; (5) whether the losing party litigated in good faith; and (6) whether the case presented issues of national importance. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

## **DISCUSSION**

### I. Plaintiff's Motion to Re-Tax Costs is Timely

As an initial matter, the Court first addresses whether Plaintiff has complied with the applicable procedural requirements necessary to bring forth this motion. Defendants contend that Plaintiff's motion was untimely. (Doc. No. 110 at 1–2.) Plaintiff argues mistake and inadvertence in effort to convince the Court to forgive his tardiness. (Doc. No. 111 at 1–2.) The Court concludes, however, that Plaintiff's motion was not untimely filed.

For the purposes of determining when a court document is filed, a pro se prisoner's filing is deemed filed on the date of its submission to prison authorities for mailing to the court, as opposed to the date of its receipt by the court clerk. *See Houston v. Lack,* 487 U.S. 266, 276 (1988). To benefit from this "prisoner mailbox rule," a prisoner must meet two requirements: (1) he must be proceeding without assistance of counsel, and (2) he must deliver his filing to prison authorities for forwarding to the court. *Stillman v. LaMarque,* 319 F.3d 1199, 1201 (9th Cir. 2003). Here, Plaintiff is eligible for the benefits of the prisoner mailbox rule because Plaintiff is proceeding pro se and because his filings are forwarded to the Court from prison authorities. Therefore, Plaintiff's filings will be deemed to have been filed the day he offers his mail to prison authorities.

In order to timely file a motion to re-tax, both the local rules of this Court and the Federal Rules of Civil Procedure provide that "[a] motion to review the Clerk's action in awarding costs 'must be served and filed within seven (7) days after receipt of the notice' of the clerk's taxation of costs." S.D. CAL. CIV. R. 54(h); FED. R. CIV. P. 54(d). In this case, the Clerk's order taxing costs was issued on July 11, 2017. (Doc. No. 104.) Plaintiff states

that he did not receive the Clerk's notice of the award of costs to Defendants until August 4, 2017. (Doc. No. 111 at 2.) On August 7, 2017, Plaintiff promptly served his motion to re-tax and on August 8, 2017, Plaintiff's legal mail containing this motion was accordingly postmarked. (Doc. No. 108 at 8.) Because Plaintiff's motion was postmarked by August 8, 2017, the Court will draw the inference that Plaintiff submitted his motion to prison authorities by August 8, 2017. Therefore, under the prisoner's mailbox rule, Plaintiff's motion was filed, at the latest, by August 8, 2017.

Accordingly, because the seven-day period allotted to file a motion to re-tax does not run until Plaintiff received notice of the Clerk's taxation of costs on August 4, 2017, and because Plaintiff filed his motion by August 8, 2017 at the latest, Plaintiff's motion falls comfortably within the allowed seven-day period.

## II. Plaintiff Fails to Rebut the Presumption in Favor of Awarding Costs to Defendants

After the foregoing determination of timeliness, the Court next turns to the substantive merits of Plaintiff's motion. The Court concludes that Plaintiff ultimately fails to rebut the presumption in favor of awarding costs to Defendants.

Under Rule 54(d) of the Federal Rules of Civil Procedure, there is a presumption in favor of awarding costs to a prevailing party of a lawsuit. *See* FED. R. CIV. P. 54(d) ("[C]osts—other than attorney's fees—should be allowed to the prevailing party."). Even in civil rights cases, the losing party must demonstrate to a court why costs should not be awarded. *See Save Our Valley*, 335 F.3d at 944–45. Some factors which a court may use to guide a determination of whether costs should be re-taxed are: (1) the losing party's limited financial resources; (2) misconduct on the part of the prevailing party; (3) whether the issues in the case were close and difficult; (4) whether the prevailing party's recovery was nominal or partial; (5) whether the losing party litigated in good faith; and (6) whether the case presented issues of national importance. *See Champion Produce, Inc.*, 342 F.3d at 1022.

Plaintiff offers the arguments of his indigence and the possible chilling effect of assessing costs on civil rights suits to establish why costs should not be taxed on Plaintiff. (Doc. No. 108 at 2–4.) Defendants retort that inability to pay does not by itself preclude awarding costs to a prevailing party, and also that Plaintiff's failure to litigate in good faith demonstrates that taxation of costs will not chill meritorious civil right claims. (Doc. No. 110 at 2.) The Court agrees with Defendants and concludes that given the totality of the circumstances in Plaintiff's case, Plaintiff's two arguments are both insufficient to rebut the presumption in favor of awarding costs to Defendants.

First, Plaintiff contends he cannot afford to pay the costs because of his limited financial resources. Plaintiff maintains he is "wholly indigent, having no resources or ability to pay any costs." (Doc. No. 108 at 2.) However, courts have held that once costs are awarded, "a prisoner cannot avoid responsibility based on indigence." *Janoe v. Stone*, No. 06-CV-1511-JM, 2012 WL 70424, at *2 (S.D. Cal. Jan. 9, 2012). Therefore, indigence, standing alone, is not a justification to evade the taxation of costs. Furthermore, the concern that Plaintiff will be unable to pay the costs in this case is alleviated by the existence of 28 U.S.C. § 1915(b)(2), which provides that prisoners are to pay costs incrementally, making "monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2); *see also Player v. Salas*, No. 04CV1761 LABWMC, 2007 WL 4250015, at *2 (S.D. Cal. Nov. 30, 2007) (stating in light of § 1915's provision allowing installment payments, there is no basis for the incarcerated plaintiff's fear that he would not be able to pay for hygiene items and postage unless costs were re-taxed). While the Court recognizes Plaintiff's financial plight, Plaintiff's argument that he can escape responsibility for paying for costs because of his destitution ultimately fails.

Second, Plaintiff has not demonstrated that costs of $3,119.58 would inflict an undesirable chilling effect on future civil rights litigants. While there is no bright-line rule defining what precise amount of costs would produce a chilling effect, the amount of costs here does not shock this Court's judicial conscience. *See Kidd*, 2013 WL 2146924, at *2 ("The amount of costs [of $5,147.23] sought is reasonable and not exorbitant. Therefore,

the suggestion that an award of costs would chill further civil rights litigation is not persuasive in this instance."). *Compare Save Our Valley*, 335 F.3d at 946 (stating that costs of $5,310.55 is a "relatively small sum"), *with Ass'n of Mexican–Am. Educators*, 231 F.3d at 593 (affirming the district court's denial of $216,443.67 in costs to a prevailing defendant because the "extraordinarily high" costs "might have the regrettable effect of discouraging potential [civil rights] plaintiffs"). Thus, the amount of costs in this case is not so excessive as to serve as an inappropriate threat to discourage serious civil rights claims.

Additionally, this Court does not find the specific circumstances of this case as one which would pose as a severe deterrent to prospective civil rights plaintiffs. While Plaintiff relies on several cases to establish the rule that taxation of costs on civil rights litigants could have a chilling effect on civil rights suits, the Court concludes that Plaintiff's case is ultimately distinguishable. (Doc. No. 111 at 3.) Courts are typically willing to find a possible chilling effect on future civil rights litigants when the issues of a case are complex and close, indicating that the plaintiff's claims were not frivolous. *See Draper v. Rosario*, 836 F.3d 1072 (9th Cir. 2016). For example, in *Draper*, the court granted the prisoner plaintiff's motion to re-tax costs, highlighting the closeness of both the plaintiff and the defendant's cases, and that the plaintiff's evidence of an Eighth Amendment violation was sufficient to survive summary judgment. *Id.* The court also pointed out that the case proceeded to trial and the outcome eventually turned on which competing account of events the jurors believed. *Id.* at 1088. Furthermore, the court noted that after closing arguments, the jury deliberated for the remaining half-day and then for several more hours the next morning before returning a verdict for the defendant. *Id.* After the jury returned its verdict, the district court ultimately acknowledged that the case was "well-tried" and "hard-fought." *Id.* Therefore, the court was willing to find a conceivable chilling effect if costs were not re-taxed given the merits and strength of the plaintiff's case. *Id.*

The circumstances of this instant matter starkly contrasts with cases such as *Draper* where a chilling effect would materialize if costs were not re-taxed. Unlike *Draper*, where

6

the issues of the case were close, here, in granting Defendants' motion for summary judgment, this Court explicitly noted that Plaintiff's theories offered to prove that he did exhaust his administrative remedies were "highly improbable." (Doc. No. 100 at 4.) The Court also pointed to Plaintiff's lack of candor in dealing with the Court and that Plaintiff's production of evidence could not even meet the basic standard of trustworthiness for admission. (*Id.*) Therefore, the Court cannot find that the imposition of costs in this case would chill future civil rights litigants given Plaintiff's unreliable behavior in bringing forth his claim. Hence, future plaintiffs willing to conduct themselves with candor and good faith need not be deterred by this decision because it is limited to this specific instance of Plaintiff's untrustworthy conduct in litigating his case. *See Baltimore v. Haggins*, No. 1:10-CV-00931-LJO, 2014 WL 804463, at *2 (E.D. Cal. Feb. 27, 2014) (denying taxation of costs on defendant due to the lack of evidence of misconduct or bad faith by the defendant); *see also Ass'n of Mexican–Am. Educators*, 231 F.3d at 593 (holding denial of "overwhelming costs" may be appropriate when "[t]he issues in the case are close and complex" and the plaintiff's position was "not without merit").

Accordingly, because Plaintiff has failed to rebut the presumption in favor of awarding Defendants costs, Plaintiff's motion to re-tax costs is **DENIED**.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to re-tax the costs awarded to Defendants by the Clerk of this Court is hereby **DENIED**. (Doc. No. 108.) This Court affirms the Clerk's determination on costs, finding it to be appropriate.

**IT IS SO ORDERED**.

Dated: November 1, 2017

Hon. Anthony J. Battaglia
United States District Judge